UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BAYRON JOSE HERRERA-AVILA,

                 Petitioner,

v.

KEVIN RAYCRAFT et al.,

                 Respondents.

_____/

Case No. 1:26-cv-790

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.19; Br. Supp. Pet., ECF No. 4, PageID.41–42.)

In an order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on March 20, 2026, (ECF No. 6), and Petitioner filed his reply on March 25, 2026, (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Honduras who entered the United States in 2008. (Pet., ECF No. 1, PageID.2.) On November 18, 2025, Petitioner was arrested by ICE. (*Id.*)

On December 24, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Herrera-Avila* (*Herrera-Avila I*), No. 1:26-cv-445 (W.D. Mich.). In *Herrera-Avila I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Herrera-Avila I*, (W.D. Mich. Feb. 20, 2026), (ECF Nos. 12, 13).

On February 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Resp'ts' Status Report, *Herrera-Avila I*, (W.D. Mich.), (ECF No. 14). At that hearing, Petitioner presented evidence of his "strong claims for relief based on his family ties and long-term residence in the United States." (Pet., ECF No. 1, PageID.12.) At the conclusion of the hearing, in a written order, the Immigration Judge (IJ) denied Petitioner's request for bond, stating:

> [Petitioner] unlawfully entered the United States and has remained without authorization. The [Petitioner] is married to a United States Citizen and has two United States Citizen children. However, there is insufficient evidence in the record that [Petitioner] would meet the required burden necessary to be granted relief such as cancellation of removal or asylum or withholding of removal. Any relief is speculative at this time.
>
> During [Petitioner's] encounter with immigration officials, [Petitioner] was uncooperative and told officers he is lawfully in the United States despite that not being truthful.

> The Court finds that [Petitioner] is a flight risk and declines to change his custody status.

Order of the IJ, *Herrera-Avila I*, (W.D. Mich.), (ECF No. 14-1).

### III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the IJ did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 26, 2026. Specifically, Petitioner argues that the IJ failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof). Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the IJ applied an unconstitutional burden of proof at the bond hearing.

Furthermore, Petitioner challenges the IJ's factual determinations in the bond decision. Specifically, Petitioner argues that the IJ's findings were based on speculation and were not based on any evidence that Petitioner posed a danger to the community or was a flight risk. (*See* Pet., ECF No. 1, PageID.2.) The claims raised challenging the IJ's factual determinations are issues that must first be raised to the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (discussing that, although there are certain exceptions, if a noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"). *But see Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). Petitioner has until March 30, 2026, to appeal to the BIA. Order of the IJ, *Herrera-Avila I*, (W.D.

Mich.), (ECF No. 14-1, PageID.27). Therefore, with respect to Petitioner's challenge to the IJ's factual determinations at the bond hearing, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      March 30, 2026          /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge

4